**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James M. Larocca,<br><br>    Plaintiff,<br><br>vs.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>    Defendant. | No. CV-13-1269-PHX-LOA<br><br>**ORDER** |

On December 17, 2013, the Commissioner filed an Unopposed Motion to Remand, requesting the Court to remand this Social Security appeal for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) because the Appeals Council "has further reviewed Plaintiff's case and determined that remand for further proceedings is warranted." (Doc. 19) All parties have consented to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 11)

The Commissioner's remand motion indicates that upon remand, "[t]he Appeals Council will remand the matter back to an Administrative Law Judge (ALJ) for further evaluation of the record and a new decision." (*Id.* at 1)  Specifically, the Appeals Council will direct the ALJ to: 1) give further consideration to the medical opinions of record, including the opinions of Dr. Masland, and articulate what weight is given to each; 2) reevaluate Plaintiff's residual functional capacity assessment; and 3) reassess steps four and five with the assistance of a vocational expert, if necessary. (*Id.* at 1-2) The motion represents Plaintiff does not oppose this motion. (*Id.* at 2) The Commissioner also requests the Court

1  to "[s]pecify in its order that the case is being remanded pursuant to sentence four of 42
2  U.S.C. § 405(g), and direct the clerk to enter a judgment in accordance with Fed. R. Civ. P.
3  58, consistent with the decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-302 (1993)." (*Id.*)

4  There being no objection and good cause appearing,

5  **IT IS ORDERED** that the Commissioner's Unopposed Motion to Remand, doc. 19,
6  is **GRANTED**. The Commissioner's decision denying Plaintiff's claim for disability
7  insurance benefits is hereby **REVERSED** and this Social Security appeal is **REMANDED**,
8  pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings as set
9  forth herein.

10  **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to enter a
11  separate judgment in accordance with Rule 58(a) and (d), Fed.R.Civ.P., consistent with the
12  decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-302 (1993). *See Akopyan v. Barnhart*, 296
13  F.3d 852, 854 (9th Cir. 2002) ("A sentence four remand becomes a final judgment, for
14  purposes of attorneys' fees claims brought pursuant to the EAJA, . . . upon expiration of the
15  time for appeal. . . A plaintiff who obtains a sentence four remand is considered a prevailing
16  party for purposes of attorneys' fees. . .This is so even when the case has been remanded for
17  further administrative action.") (citations omitted).

18  Dated this 19th day of December, 2013.

Lawrence O. Anderson
United States Magistrate Judge